**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NOVEMBER ACQUISITIONS SPV LLC, DECEMBER ACQUISITIONS SPV LLC, BAD GREMLIN LLC, REMORA, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-03148 |
| | ) | Judge: Honorable Joan B. Gottschall |
| BARUCH GOTTESMAN d/b/a GOTTESMAN LEGAL SERVICES, | ) ) ) | |
| Defendant. | ) ) | |

<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>

Defendant, Baruch Gottesman d/b/a Gottesman Legal Services, ("Gottesman"), by his undersigned counsel, for his Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

1.     Plaintiffs November Acquisitions SPV LLC ("November Acquisitions"), December Acquisitions SPV LLC "December Acquisitions") (collectively, the "Plaintiff LLCs") and Investors Bad Gremlin LLC ("Bad Gremlin"), Remora LLC ("Remora") (collectively, the "Plaintiff Investors") were defrauded of $23 million.

**ANSWER:**     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph **Error! No text of specified style in document.**, and therefore denies the same and demands strict proof thereof.

2.     The Plaintiffs bring this action against Defendant Baruch Gottesman ("Gottesman"), sometimes doing business as "Gottesman Law" and sometimes as "Gottesman Legal Services" for professional malpractice, including breach of fiduciary duty, professional negligence, and for tortious conduct, negligent misrepresentation, without which Plaintiffs would not have suffered these losses.

**ANSWER:** Defendant admits Plaintiffs have brought a claim for professional malpractice and negligent misrepresentation, but denies he committed professional negligence, made any negligent misrepresentations, breached any fiduciary duties, or otherwise committed any tortious conduct that caused Plaintiff to suffer any losses. Defendant denies the remaining allegations contained in Paragraph 2.

3. Plaintiff November Acquisitions is a Delaware limited liability company formed on November 17, 2021, with its principal place of business in Chicago Illinois. As of that date, defendant Gottesman served as counsel to November Acquisitions. Gottesman signed its Certificate of Formation and submitted supporting documents to the State of Delaware on its behalf. Gottesman also served as its Investor Relations officer. Sean Grusd was the initial Managing Member of November Acquisitions from November 17, 2021 until December 2022, when Plaintiffs discovered Grusd's fraudulent activity and theft of funds from November Acquisitions. On December 29, 2022, Grusd resigned as Managing Member of November Acquisitions and was replaced as Managing Member by Plaintiff Remora Ventures LLC. The members of November Acquisitions are the following, none of whom are citizens of New York or New Jersey:

a) Paul Clark is a citizen of the state of Illinois and resides in Chicago;

b) Dirk LaBorne is a citizen of the state of Illinois and resides in Park Ridge;

c) James Griffin is a citizen of Illinois and resides in Clarendon Hills;

d) Robert Pooler is a citizen of Illinois and resides in LaGrange;

e) John Stafford III, is a citizen of Illinois and resides in Chicago.

**ANSWER:** Defendant admits he signed November Acquisition's Certificate of Formation. Defendant denies he served as counsel to November Acquisitions and denies that he served as its Investor Relations officer. Defendant lacks sufficient knowledge or information to

2

form a belief as to the truth or falsity of the remaining allegations in Paragraph 3, and therefore denies the same and demands strict proof thereof.

4.     Plaintiff December Acquisitions is a Delaware limited liability company formed on December 26, 2021, with its principal place of business in Chicago Illinois. As of that date, defendant Gottesman served as counsel to December Acquisitions. In that capacity, Gottesman signed December's Certificate of Formation and submitted supporting documents with the State of Delaware on its behalf. Gottesman also served as its Investor Relations officer. Sean Grusd was the initial Managing Member of December Acquisitions until December 2022, when Plaintiffs discovered his fraudulent activity and theft of funds from December Acquisitions. On December 29. 2022 Grusd resigned as Managing Member of December Acquisitions and was replaced as managing member by Plaintiff Bad Gremlin, LLC. The members of December Acquisitions are the following persons, none of whom are citizens of New York or New Jersey:

   a) Nancy Beaumont is a citizen of the state of Illinois and resides in Vernon Hills;

   b) Patrick Buck is a citizen of the state of Illinois and resides in Chicago;

   c) Thomas Buck is a citizen of the state of Illinois and resides in Grayslake;

   d) Kevin Gainer is a citizen of the state of Illinois and resides in Chicago;

   e) John Favia Revocable Living Trust. John Favia is the trustee and beneficiary and a citizen of the state of Illinois and resides in Chicago;

   f) DTS Roztylske Sady, S.R.O. Jan Horcicka is the member and is a citizen of the Czech Republic and resides in Prague;

   g) Bad Gremlin LLC, a Delaware LLC is the current managing member of December Acquisitions SPV, LLC, and has its principal place of business in Chicago.

**ANSWER:**     Defendant admits he signed December Acquisition's Certificate of Formation.  Defendant denies he served as counsel to December Acquisitions and denies that he served as its Investor Relations officer. Defendant lacks sufficient knowledge or information to

3

form a belief as to the truth or falsity of the remaining allegations in Paragraph 4, and therefore denies the same and demands strict proof thereof.

5.      Plaintiff Bad Gremlin LLC ("Bad Gremlin") is a Delaware limited liability company. At all times relevant to this action Bad Gremlin has had its principal place of business in Chicago, Illinois. Bad Gremlin was created for the purpose of investing in Stripe Inc. ("Stripe") through December Acquisitions. The individual members of Bad Gremlin LLC, none of whom are citizens of New York or New Jersey are as follows:

a) Paul Clark is a citizen of the state of Illinois and resides in Chicago;

b) Kevin Gainer is a citizen of the state of Illinois and resides in Chicago;

c) James Griffin is a citizen of Illinois and resides in Clarendon Hills;

d) Robert Pooler is a citizen of Illinois and resides in LaGrange;

e) Sherpa National Holdings, LLC, an LLC the members of which are: Maryjo D'Avola, a citizen of Illinois residing in St. Charles; Giovanni and Josephine D'Avola, citizens of Illinois residing in Schaumburg; Francesco D'Avola, a citizen of Illinois, residing in Joliet;

f) John Stafford III is a citizen of Illinois and residing in Chicago.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5, and therefore denies the same and demands strict proof thereof.

6.      Plaintiff Remora Ventures LLC ("Remora"), is a Delaware limited liability company. At all times relevant to this action Remora has had its principal place of business in Chicago, Illinois. Remora was created for the purpose of investing in Klarna Bank, AB ("Klarna") through November Acquisitions. The members of Remora, none of whom are citizens of New York or New Jersey are as follows:

a) Paul Clark is a citizen of the state of Illinois and resides in Chicago;

1087660\325469962.v1

b) Dirk LaBorne is a citizen of the state of Illinois and resides in Park Ridge;

c) James Griffin is a citizen of the state of Illinois and resides in Clarendon Hills;

d) Robert Pooler is a citizen of the state of Illinois and resides in LaGrange; and

e) John Stafford III, is a citizen of the state of Illinois and resides in Chicago.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6, and therefore denies the same and demands strict proof thereof.

7. Defendant Gottesman is an attorney licensed in the States of New York (Bar No. 4480539) and New Jersey (Bar No. 02222-2006) and a citizen of New Jersey. Gottesman also does business as Gottesman Law and sometimes as Gottesman Legal Services. At all times relevant to this matter, Gottesman had offices at 185-12 Union Turnpike, Fresh Meadows, NY 11366 and at 9 Maplewood Terrace, Lakewood, New Jersey 08701. Throughout the relevant time period, Gottesman was legal counsel to November Acquisitions and December Acquisitions. Gottesman also filled the position of Investor Relations officer for the Plaintiff LLCs. On information and belief, Gottesman may have performed other services for the Plaintiff LLCs as well.

**ANSWER:** Defendant admits he is an attorney licensed in the States of New York (Bar No. 4480539) and New Jersey (Bar No. 02222-2006). Defendant further admits that during the relevant time frame, he maintained an office at 9 Maplewood Terrace, Lakewood, New Jersey 08701. Defendant denies the remaining allegations contained in paragraph 7.

8. Gottesman provided false or materially incomplete information to the Plaintiff Investors upon which they relied in making their investments in November Acquisitions and December Acquisitions. The false information provided by Gottesman enabled Grusd to continue to act as Managing Member of the Plaintiff LLCs even though the Plaintiff Investors—unbeknownst to themselves—were the only ones who had invested capital in the Plaintiff LLCs.

5

Gottesman's false statements and material omissions were designed to and did in fact keep Plaintiffs in the dark until it was too late.

**ANSWER:** Defendant denies he knowingly provided false or materially incomplete information to Plaintiffs. Defendant denies the allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9, and therefore denies the same and demands strict proof thereof.

10. November Acquisitions and its members are completely diverse from Gottesman. As set forth above, none are citizens of New York or New Jersey.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10, and therefore denies the same and demands strict proof thereof.

11. December Acquisitions and its members are completely diverse from Gottesman. As set forth above, none are citizens of New York or New Jersey.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore denies the same and demands strict proof thereof.

12. Venue is proper in this Court and in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. All but one of the Plaintiffs and their members have their principal places of business in Illinois or are residents of Illinois. (The other is a citizen of and resident in the Czech

6

Republic.) Defendant Gottesman—although only licensed in New York and New Jersey—agreed to perform legal services for the benefit of the Illinois Plaintiffs.

**ANSWER:**    Defendant admits he is licensed in New York and New Jersey but denies that he agreed to perform legal services for the benefit of any Illinois Plaintiffs. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12, and therefore denies the same and demands strict proof thereof.

13.    Gottesman provided false or incomplete, and therefore misleading, information to the Plaintiffs in Illinois. As a result, Plaintiffs suffered harm in Illinois.

**ANSWER:**    Defendant denies he knowingly provided false, incomplete or misleading information. Defendant denies the remaining allegations contained in paragraph 13.

## FACTS

14.    The original Managing Member of the Plaintiff LLCs, Sean Grusd, stole over $23 million from the Plaintiff LLCs and defrauded the Plaintiff Investors. Throughout Grusd's tenure as Managing Member of the Plaintiff LLCs, Gottesman served as attorney for the Plaintiff LLCs. He also served as the Investment Relations contact for those entities. With regard to certain critical material issues, including those set forth below, Gottesman acted as counsel for the Plaintiff LLCs, giving rise to fiduciary duties owed directly to the Plaintiff LLCs, not to their corrupt manager, Grusd.

**ANSWER:**    Defendant denies that he served as attorney for the Plaintiff LLCs or served as the Investment Relations contact for those entities. Defendant further states that the allegations in Paragraph 14 call for a legal conclusion to which no response is required. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14, and therefore denies the same and demands strict proof thereof.

7

*Proof of Funds Letter*

15.     At the outset, before any Plaintiff Investor made any investment in any entity managed by Grusd, Gottesman wrote a proof-of-funds letter that was forwarded to the Plaintiff Investors. In the letter, Gottesman states that he had independently undertaken due diligence to assure interested parties that the proposed managing member of the Plaintiff LLCs, Grusd, was not only financially solvent, but that Grusd had personal assets in excess of $50 million.

**ANSWER:**    Defendant admits that he wrote the proof-of-funds letter. The proof-of-funds letter speaks for itself and Defendant denies any allegations that misstate or misconstrue the contents of that letter. Specifically, Defendant denies that the proof-of-funds letter says he independently undertook due diligence to provide assurance to interested parties. Further answering, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15, and therefore denies the same and demands strict proof thereof.

16.     On or about September 9, 2021, Gottesman prepared and signed a letter attesting that he had independently determined that Grusd had a personal net worth in excess of $50 million. (The "Proof-of-Funds" Letter Ex. 1) Gottesman asserted in the Proof of Funds Letter that he had personally reviewed documents and conferred with personnel at the bank (Wells Fargo) holding Grusd's assets. On this basis, Gottesman confirmed that Grusd had personal assets at Wells Fargo bank alone in excess of $50 million.

**ANSWER:**    Defendant admits that he wrote the proof-of-funds letter and that Plaintiffs have attached a copy of the letter as Exhibit 1 to their Complaint. Further answering, the proof-of-funds letter speaks for itself and Defendant denies any allegations that misstate or misconstrue the contents of that letter. Further answering, Defendant lacks sufficient knowledge or information to

1087660\325469962.v1

form a belief as to the truth or falsity of the remaining allegations in Paragraph 16, and therefore

denies the same and demands strict proof thereof.

17.     The Proof of Funds Letter was drafted and signed by Gottesman on September 9,

2021 and states in relevant part:

> This letter confirms the availability of certain funds in an account held by Sean
> Grusd at Wells Fargo Bank, N.A. as of August 31, 2021. The basis for this
> confirmation includes conversations with my client, a review of a bank statement,
> and a conversation with a Wells Fargo customer service representative.
>
> THEREFORE I CAN CONFIRM on the basis of the due diligence described above
> that as of August 31, 2021, an account held at Wells Fargo Bank, N.A. in the name
> of Sean Grusd holds freely available funds in the amount of not less than fifty
> million dollars ($50,000,000.00).
>
> Ex. 1.

**ANSWER:**     Defendant admits he drafted and signed the September 9, 2021 letter.

Further answering, the letter speaks for itself and Defendant denies any allegations that misstate

or misconstrue the contents of that letter.

18.     Gottesman's statements in the Proof of Funds letter were false. In fact, Grusd did

not have an account at Wells Fargo Bank N.A. Nonetheless, Gottesman advised potential investors,

including the Plaintiff LLCs and the Plaintiff Investors that he had reviewed documentary evidence

and spoken to a bank representative and that this constituted the basis to permit him to confirm the

availability of "not less than fifty million dollars" in Grusd's Wells Fargo account. This statement,

made negligently, with gross negligence or recklessness, was false. No customer service

representative at Wells Fargo could have possibly corroborated Gottesman's representation that

Wells Fargo held an account in Grusd's name with over $50 million on deposit, because no such

account ever existed.

**ANSWER:**     The allegations contained in Paragraph 18 call for legal conclusions to

which no response is required. To the extent a response is required, Defendant denies that he

9

knowingly made false statements in the Proof of Funds letter and denies that the Proof of Funds letter was drafted and prepared negligently, with gross negligence or recklessness. Defendant denies that it is untrue that he reviewed documentary evidence and spoke with a bank representative, and further denies that these actions did not provide a sufficient basis for him to confirm the availability of "not less than fifty million dollars" in Grusd's Wells Fargo account. Further answering, the letter speaks for itself and Defendant denies any allegations that misstate or misconstrue the contents of that letter. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and therefore denies the same and demands strict proof thereof.

19.     On or about October 20, 2021, December Acquisitions Investor Patrick Buck received Gottesman's Proof of Funds Letter. The letter was then circulated to others considering investment in the Plaintiff LLCs, managed at the time by Grusd and represented by their counsel, Gottesman. November Acquisitions and December Acquisitions received over $20 million in investments from the Investor Plaintiffs based on the false assurances in Gottesman's Proof of Funds Letter.

**ANSWER:**     Defendant denies that he knowingly made any false assurances. Defendant further denies that November Acquisitions and December Acquisitions received over $20 million in investments from the Investor Plaintiffs based on any assurances in Gottesman's Proof of Funds Letter. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph **Error! No text of specified style in document.**9, and therefore denies the same and demands strict proof thereof.

20.     Absent Gottesman's negligent preparation and circulation of the Proof of Funds Letter and had Gottesman not falsely stated that he could confirm information that in fact did not

10

exist, no one would have invested in either of the Plaintiff LLCs and Grusd's subsequent theft of $23 million would have been averted. But based on Gottesman's purported due diligence, Gottesman sought to, and did, convince the Plaintiffs to rely on Grusd's bona fides and enable Grusd to steal $23 million.

**ANSWER:** The allegations contained in Paragraph 20 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies he negligently prepared and circulated the Proof of Funds Letter and denies that he knowingly made any false statements in that letter. Defendant further denies that he sought to convince Plaintiffs to rely on Grusd's bona finds or enabled Grusd to steal $23 million. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20, and therefore denies the same and demands strict proof thereof.

### *Gottesman Prepared the Operating and Subscription Agreements Establishing and Governing the Plaintiff LLCs, Using Materially False Information.*

21.     In addition, Gottesman negotiated, drafted and circulated for signature the Operating Agreements and Subscription Agreements for the Plaintiff LLCs. (Exs. 2-5). These documents--fundamental to the Plaintiff LLCs' ability to raise funds and governing their operations once established, being able to operate and fulfill the purposes for which they were organized--stated that there were other prominent investors who had agreed to invest substantial sums in November Acquisitions and December Acquisitions. In fact, no other investors had been contacted and none of the other purported investors ever signed subscription agreements or invested in either of the Plaintiff LLCs.

**ANSWER:** Defendant denies that he drafted, negotiated or circulated the Operating Agreements. Further answering, the Agreements speak for themselves and Defendant denies any allegations that misstate or misconstrue the contents of those Agreements. Defendant lacks

1087660\325469962.v1

sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21, and therefore denies the same and demands strict proof thereof.

22.     However, whether through negligence, gross negligence or recklessness, Gottesman represented that other investors did exist, were participating in the LLCs and would be investing in amounts equal to or greater the amounts contributed by the Investor Plaintiffs. Gottesman apparently never considered whether the statements he had authored in the Operating Agreements and Subscription Agreements were actually true and apparently took no steps that might have enabled him to verify the truth or falsity of these statements.

**ANSWER:**     The allegations contained in Paragraph 22 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he was grossly or recklessly negligent. Defendant denies that he drafted, negotiated or circulated the Operating Agreements. Further answering, the Agreements speak for themselves and Defendant denies any allegations that misstate or misconstrue the contents of those Agreements. To the extent any exist, Defendant denies the remaining allegations contained in paragraph 22.

23.     All of the money invested in November Acquisitions and December Acquisitions came from the Investor Plaintiffs, and none from Grusd or the other purported investors identified by Gottesman and identified in negotiations with the Plaintiff LLCs and again in the documents that Gottesman drafted. The Plaintiff Investors had been told that their ownership shares of November Acquisitions and December Acquisitions were approximately ten percent of the total funding. In fact, there were no other investors; the Investor Plaintiffs contributed effectively 100 percent of the investment capital for the Plaintiff LLCs.

1087660\325469962.v1

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore denies the same and demands strict proof thereof.

24. Thus, contrary to the Operating Agreements and Subscription Agreements drafted for the Plaintiff LLCs by Gottesman, the Investor Plaintiffs were not minority owners of the Plaintiff LLCs, but in fact had invested ALL of the equity capital.

**ANSWER:** Defendant denies that he drafted, negotiated or circulated the Operating Agreements. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24, and therefore denies the same and demands strict proof thereof.

25. Plaintiffs have subsequently learned that shortly after each capital investment in the Plaintiff LLCs by one of the Plaintiff Investors, LLC manager Grusd would remove the money from the Plaintiff LLC's account and deposit it in his own personal account.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25, and therefore denies the same and demands strict proof thereof.

26. Had Gottesman not been negligent and advised the Plaintiff LLCs and Plaintiff Investors that the Operating Agreements and Subscription Agreements had never been signed and funded by any party other than the Plaintiff Investors, the LLC Plaintiffs and Plaintiff Investors—as the sole owners of the equity in the LLCs—could have acted to prevent (or promptly counteract) Grusd's subsequent theft of all of the Plaintiff LLCs' assets.

**ANSWER:** The allegations contained in Paragraph 26 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he was

1087660\325469962.v1

negligent. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26, and therefore denies the same and demands strict proof thereof.

27.     Gottesman negotiated, drafted and circulated operating agreements and subscription agreements that misrepresented essential facts—for example, that the LLCs would be fully capitalized by the investments of other sophisticated investors who were purportedly also investing their money in the Plaintiff LLCs. In fact, Gottesman was negligent, grossly negligent or reckless, and knew or should have known that these representations were false, and that the "other investors" who were supposedly participating and providing 90 percent of the total investment in the Plaintiff LLCs, did not exist, or if the entities did exist, they had never heard of the Plaintiff LLCs and never agreed to participate in the Plaintiff LLCs in any way.

**ANSWER:**     The allegations contained in Paragraph 27 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he drafted, negotiated or circulated the Operating Agreements. Defendant further denies that he was grossly or recklessly negligent. Defendant denies the remaining allegations contained in Paragraph 27.

28.     Absent Gottesman's negotiation, drafting and circulating the Operating Agreements and Subscription Agreements asserting these falsehoods, none of the Plaintiff Investors would have invested and none of the Plaintiff LLCs would have permitted Grusd to manage their assets. Had Gottesman not been negligent, grossly negligent and reckless, Grusd's ability to steal $23 million from the Plaintiff LLCs and Plaintiff Investors could have been averted.

**ANSWER:**     The allegations contained in Paragraph 28 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he was

14

grossly or recklessly negligent. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and therefore denies the same and demands strict proof thereof.

### *Gottesman's Subsequent August 22, 2022 Letter Continued to Falsely Represent that There Were Others That Had Invested In the Plaintiff LLCs and Owned the Majority of Their Shares.*

29.     Even months after the formation of November Acquisitions and December Acquisitions, Gottesman continued to violate his fiduciary duties to the Plaintiff LLCs and his duties to the Plaintiff Investors by continuing to conceal the fact that there were in fact no other members that had invested in the Plaintiff LLCs—that 90 percent of the purported investment capital was pure vapor.

**ANSWER:**    The allegations contained in Paragraph 29 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29.

30.     Specifically, in the summer of 2022, nine months after the formation of November Acquisitions and eight months after the formation of December Acquisitions, the Plaintiff Investors were told that the sale of Stripe stock—the transaction for which December Acquisitions had been formed--had fallen through. The Plaintiffs were told that the buyer had balked and wanted to pull out of the deal. Plaintiff Bad Gremlin asked for contact information for December Acquisitions' other investors, so the investors could convene and discuss what action should be taken next. Of course, there had never been an actual party interested in buying the Stripe stock from December Acquisitions. Nor were there any other investors in December Acquisitions to discuss this with—only Bad Gremlin had actually signed a Subscription Agreement and invested funds in December Acquisitions.

15

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30, and therefore denies the same and demands strict proof thereof.

31. After the fictional buyer had purportedly pulled out from the deal to buy the non-existent Stripe stock, in August 2022, an employee of Plaintiff Bad Gremlin contacted Gottesman to request contact information for the other December Acquisition investors. Gottesman responded to Bad Gremlin's request in a letter dated August 22, 2022. Ex. 6. In his August 22, 2022 Letter Gottesman identified other (non-existent) investors in December Acquisitions, including D1 Capital (which purportedly owned 50 percent of the equity), Sean Grusd (10 percent), Earl Goldstein (15 percent), and Gabe Goldstein (15 percent). Ex. 6 at 2. Gottesman characterized this information revealed in his August 22, 2022 letter as "highly confidential" and expressly forbade Plaintiffs from "contact[ing] the Members directly for any purpose," preventing Plaintiffs from conducting their own further inquiry. Ex. 6.

**ANSWER:** Defendant admit Plaintiffs have attached as Exhibit 6 a copy of the August 22, 2022 letter. The August 22, 2022 letter speaks for itself and Defendant denies any allegations which misstate or misconstrue the contents of that letter. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31, and therefore denies the same and demands strict proof thereof.

32. Gottesman was negligent, grossly negligent and reckless in not knowing that his identification in the August 22, 2022 letter of the other purported investors in December Acquisitions was false. The purported existence of any other investors in December Acquisitions had been a lie from the outset, from the time at which Gottesman negotiated and prepared the documents organizing the LLC.

1087660\325469962.v1

**ANSWER:** The allegations contained in Paragraph 32 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies he was grossly or recklessly negligent. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32, and therefore denies the same and demands strict proof thereof.

33. If at any time from the initial circulation of the Operating Agreement and Subscription Agreement through the discovery of the theft of funds in December 2022 the Investor Plaintiffs had been told the truth—that there were no other investors in either November Acquisitions or December Acquisitions--they could have exerted control as majority shareholders, replaced Grusd as managing member and avoided or minimized the harm to the Plaintiff LLCs. However, even as late as his August 22, 2022 response to Ms. Sternstein's request for contact information, Gottesman continued to provide the Plaintiffs with false information and provided that only on the condition that he Plaintiff Investors not attempt to contact the bogus "other" investors.

**ANSWER:** Defendant denies that he knowingly provided Plaintiffs with false information. Further answering, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33, and therefore denies the same and demands strict proof thereof.

34. Although Grusd had already stolen all of the money that had been invested in November Acquisitions and December Acquisitions by late spring of 2022, he had not yet spent it all. Absent Gottesman's false statements in the August 22, 2022 email to Bad Gremlin, December Acquisitions would have been able to recover a significant portion of the looted funds stolen by Grusd.

1087660\325469962.v1

**ANSWER:**    Defendant denies he knowingly made any false statements in the August 22, 2022 letter. Further answering, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34, and therefore denies the same and demands strict proof thereof.

35.    Gottesman's failure to properly perform his duties to the Plaintiff LLCs as their attorney, his failure to exercise a reasonable degree of care on their behalf and his failure to act with the loyalty required of a reasonably competent attorney representing a client have directly and proximately led to the losses incurred by the Plaintiff LLCs, which upon receipt of Plaintiff's funding had been robbed by their managing member, Sean Grusd.

**ANSWER:**    The allegations contained in paragraph 35 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 35.

36.    For his part, Grusd has now pleaded guilty to criminal fraud, resulting in a seven-year prison sentence to be followed by three years of supervised release. See, *United States v. Sean Grusd*, No. 23 CR 193 (N.D. Ill.). The Court ordered Grusd to surrender to the United States Marshal and begin serving his sentence in January 2025.

**ANSWER:**    Upon information and belief, Defendant admits the allegations contained in Paragraph 36.

37.    Grusd also pleaded guilty in the civil action brought by the Plaintiff LLCs and their individual investors seeking recovery of the stolen funds invested in the Plaintiff LLCs. Bad Gremlin et al. v. Sean Grusd, Case No. 1:22-cv-11000 (SDNY). Following judgment, the Plaintiff Investors in the civil action against Grusd managed to recover a small portion of the stolen funds— approximately $4 million of the $23 million stolen. Grusd spent the stolen funds during the months

18

between the initial investment in November Acquisitions and the discovery of the fraud. Throughout this time, Gottesman served as Counsel to the Plaintiff LLCs and the sole identified Investor Relations contact.

**ANSWER:** Defendants deny that he served as counsel to the Plaintiff LLC and was the sole identified Investor Relations contact. Further answering, on information and believe, Defendant admits that Plaintiffs obtained a judgment against Grusd in their civil matter. Defendants lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37, and therefore denies the same and demands strict proof thereof.

38.    But for Gottesman's ongoing and repeated breaches of fiduciary duty, inattention, lack of diligence, and gross negligence and the negligent misrepresentations he made to the Plaintiffs, Grusd's scheme would never have succeeded. Gottesman provided personal assurance to back the false claims of significant personal wealth invented by Grusd, when Gottesman knew, or should have known in the exercise of reasonable care that Wells Fargo had no account corresponding to the $50 million in personal assets claimed by Grusd.

**ANSWER:** The allegations contained in Paragraph 38 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies he knowingly provided any false personal assurances or false claims. Defendant denies the allegations contained in paragraph 38.

39.    Gottesman also negotiated, drafted and circulated the Operating Agreement and Subscription Agreement for the LLC Plaintiffs; in each case falsely identifying others as investors.

**ANSWER:** Defendant denies that he drafted, negotiated or circulated the Operating Agreements. He denies knowingly falsely identifying others as investors.

19

40.     Having featured the other investors in the Subscription and Operating Agreement documents (and also referring to them in correspondence with Remora and Bad Gremlin) Gottesman breached his professional duty of care and duty of loyalty in failing to advise the Plaintiff LLCs or their investors that there were no other investors. He also negligently and recklessly misrepresented critical information which, as the sole Investor Relations contact for the LLCs he was obligated to provide.

**ANSWER**:   The allegations contained in Paragraph 40 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 40.

41.     By failing to take even the most rudimentary precautions on behalf of the Plaintiff LLCs, he allowed them to be looted by their dishonest manager and allowed the dishonest manager ample time to spend the stolen money, $19 million of which has never been recovered.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 41.

## COUNT I
## PROFESSIONAL MALPRACTICE

42.     Plaintiffs restate and reallege the allegations of paragraphs 1 through 41 and incorporate them herein by reference

**ANSWER:**    Defendant repeats and restates his answers to Paragraphs 1 through 41 as if fully set forth herein.

43.     An attorney-client relationship existed between the Plaintiffs and defendant Gottesman.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 43.

44.     Defendant Gottesman owed plaintiffs a fiduciary duty of care arising either from the attorney-client relationship (Plaintiff LLCs), or arising out of the special relationship of trust

20

and confidence that existed between Gottesman the attorney for the Plaintiff LLCs and the Plaintiff Investors, who were, unbeknownst to them at the time—the sole shareholders of the Plaintiff LLCs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44.

45. As set forth above, Gottesman committed professional malpractice and breached his duties to the Plaintiffs, allowing Grusd, the dishonest managing member, to steal the money that the Plaintiff Investors had invested in the Plaintiff LLCs. Gottesman's professional malpractice also allowed ample time to enable Grusd to transfer the entire investment made by the Plaintiff Investors to his own personal account. Gottesman then affirmatively misrepresented the existence and composition of other (non-existent) members of the LLCs, which prevented the Plaintiffs from appointing honest, uncorrupt managing members to pursue recovery from Grusd while there were still assets that could have been recovered.

**ANSWER:** Defendant denies the allegations contained in Paragraph 45.

46. As a result of Gottesman's professional malpractice, Plaintiffs suffered actual damages in excess of $22 million.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46.

## COUNT II
## NEGLIGENT MISREPRESENTATION

47. As set forth in detail above, Gottesman disseminated false and material information to the Plaintiff Investors and also withheld information which he knew or should have known was necessary to make certain other statements of material fact not misleading. Gottesman was careless and negligent in ascertaining the truth of the statements made by Grusd.

**ANSWER:** Defendant denies knowingly disseminated false and material information. Defendant denies the remaining allegations contained in Paragraph 47.

1087660\325469962.v1

48.     Gottesman made these statements with an intention to cause the LLC Plaintiffs and the Investor Plaintiffs to act. Gottesman's carelessness and negligence induced the Plaintiff LLCs and the Plaintiff Investors to act, to make further investments in the Plaintiff LLCs and allowed Grusd to continue as manager while he stole the Investor LLCs funds and dissipated the assets of the Plaintiff LLCs. These acts and failures to act by Gottesman proximately led to the damages suffered by all Plaintiffs.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 48.

49.     Further, as Counsel to December Acquisitions LLC and to November Acquisitions LLC, Gottesman owed the Plaintiff LLCs entities fiduciary duties of care and fidelity, including a duty to impart correct and not misleading information to the Plaintiff LLCs.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 49.

50.     Moreover, as the sole identified "Investor Relations" contact for December Acquisitions LLC and November Acquisition LLC, Gottesman had entered into a special or privity-like relationship imposing a duty on Gottesman to impart correct information concerning the management, composition, operations and finances of December Acquisitions LLC and November Acquisitions LLC to the Plaintiff Investors.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 50.

51.     This special or privity-like relationship was established by a relationship of trust or confidence between the Plaintiff Investors and Gottesman, the sole "Investor Relations" contact identified by the LLCs. That relationship created a duty on the part of Defendant Gottesman to impart correct information, including the specialized knowledge or expertise that he had or should reasonably have had and disseminated to the Investor Plaintiffs with regard to the management, composition operations and finances of the Plaintiff LLCs.

22

**ANSWER:** Defendant denies the allegations contained in Paragraph 51.

52. The Plaintiff LLCs and the Plaintiff Investors reasonably relied upon Gottesman to provide accurate and complete information concerning the management, composition, operations and finances of December Acquisitions and November Acquisitions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 52.

53. The information provided to the LLCs by Gottesman, their Counsel, was materially false and materially misleading. Other information which should have been supplied to make the information provided by Gottesman not misleading was never provided.

**ANSWER:** Defendant denies knowingly providing any false or misleading information. Defendant denies the remaining allegations contained in Paragraph 53.

54. These acts and failures to act by Gottesman proximately caused the damages suffered by the Plaintiffs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 54.

## AFFIRMATIVE DEFENSES

Defendant, Baruch Gottesman d/b/a Gottesman Legal Services, ("Gottesman"), by his undersigned counsel, pleading in the alternative, without assuming the burden of proof as to matters that are Plaintiffs' burden to prove as a matter of law and without prejudice to the denials and other statements contained in the foregoing *Answer to Plaintiffs' Complaint*, for its *Affirmative Defenses*, states and alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred by the applicable statute of limitations and the applicable statute of repose for actions against attorneys. 735 ILCS 5/13-214.3.

23

## THIRD AFFIRMATIVE DEFENSE

Any and all damages claimed by Plaintiffs must be reduced, eliminated, diminished, or barred in proportion to Plaintiffs' failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by plaintiff, if any, is subject to setoff and/or reduction, including offset and/or reduction in the amount of any recovery from Sean Grusd ("Grusd").

## FIFTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiffs were proximately caused by acts or omissions of third parties, including but not limited to Grusd, and/or intervening causes and not by any act or omission of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiffs were proximately caused by the criminal acts of others which were not foreseeable to Defendant, and not by any act or omission of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiffs were proximately caused, in whole or in part, by Plaintiffs' own negligent acts or omissions, or the acts or omissions of their agents, employees, or representatives.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting their claims, in whole or in part, by their own voluntary assumption of risk, or the voluntary assumption of risk by their agents, employees, or representatives, as set forth in the Subscription Agreements.

1087660\325469962.v1

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting their claims under collateral estoppel. Plaintiffs already asserted Grusd was the cause of their damages in Bad Gremlin et al. v. Sean Grusd, Case No. 1:22-cv-11000 (SDNY), and obtained a judgment on that basis.

## TENTH AFFIRMATIVE DEFENSE

Defendants assert that this Court lacks personal jurisdiction over the claims asserted against them.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants assert that venue is improper in this judicial district.

WHEREFORE, Baruch Gottesman d/b/a Gottesman Legal Services, requests that this Honorable Court enter judgment in its favor and against Plaintiffs, that Defendant be awarded its costs, and for such further relief this Court deems just and proper.

Respectfully submitted,

/s/ *Katherine G. Schnake*

Matthew R. Henderson
Katherine G. Schnake
HINSHAW & CULBERTSON LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60601
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
mhenderson@hinshawlaw.com
kschnake@hinshawlaw.com

*Attorneys for Defendant,*
Baruch Gottesman d/b/a Gottesman Legal Services