IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| November Acquisitions SPV LLC, December Acquisitions SPV LLC, Bad Gremlin LLC, Remora LLC | Case No. 25-cv-03148 |
| | The Honorable Joan B. Gottschall |
| v. | The Honorable Albert Berry III Magistrate Judge |
| Baruch Gottesman d/b/a/ Gottesman Legal Services. | |

### PLAINTIFFS' STATUS REPORT

As requested in the Court's November 18, 2025, Order (Dkt. #34), Plaintiffs in the above-referenced matter hereby file the following Status Report on the status of fact discovery and whether a settlement conference would be fruitful. Plaintiffs sought input on the Report from Defendant's counsel, but Defendant's counsel did not respond.

1. Status of Discovery

The parties have exchanged and responded to written discovery requests.

Plaintiffs have identified deficiencies in Defendant's discovery responses. In particular, Defendant responded to many of the interrogatory requests (Int. Nos. 12, 13, 16, 17, 18, 21, ) by referring Plaintiffs to documents for answers. However, the documents that Defendant has produced are both incomplete and do not contain information that responds to the interrogatory requests. Defendant also relies heavily on a non-specific assertion of privilege—asserting affirmatively that he did not represent the Plaintiff LLCs as counsel, but only their corrupt manager, (and now convicted felon) Sean Grusd (Int. 5, 19) but then refusing to identify any of the work he had undertaken or information he received in connection with his purported representation of Grusd. (Int. Nos. 5, 6, 7, 10, 11, 12, 13, 14, 15, 18, 22 and 23).  Finally, Defendant seeks to evade providing relevant non-privileged information by frequently asserting, with no support in the federal or local rules, that the Interrogatory "calls for a narrative response and is better suited for a deposition." (Int. Nos 3, 4, 8, 10, 12, 13, 15, and 18). That is not a valid objection under Fed R Civ P No. 33(a)(2). Plaintiffs' counsel has written and called seeking to work through these issues with Defendant's counsel, but Defendant's counsel has been unavailable.  Plaintiffs will file a motion to compel by January 27, 2026, if the parties cannot work through these issues.

Plaintiffs do not believe that there needs to be any further extension of the fact discovery deadline of March 16, 2026.

  2.  Prospects of Settlement

  Early on, Plaintiffs raised the issue of a settlement conference, but Defendant expressed no interest. The facts in this case are very clear, even without the completion of discovery. Plaintiffs believe that a settlement conference would be productive if Defendant were interested in settling this case and would make a serious settlement offer. However, despite frequent requests, Defendant has declined to state whether he has insurance for the acts alleged in the Complaint, stating that "Investigation continues." (Response to Doc. Req. No. 20) But no documents or information has been provided. Defendant has had notice of this claim for a year now. Insurance information is a necessary first step for any meaningful settlement discussions.

Date: January 20, 2026

                Respectfully submitted,

                NOVEMBER ACQUISITIONS SPV LLC,
                DECEMBER ACQUISITIONS SPV LLC,
                BAD GREMLIN LLC, AND
                REMORA LLC

                By: /s/ *Charles S. Bergen*
                Attorney for Plaintiffs

                Charles S. Bergen
                Peter S. Roeser | Darrell J. Graham
                **ROESER TANNER & GRAHAM LLC**
                Two North Riverside Plaza, Ste. 1850
                Chicago, IL 60606
                Phone: (312)300-2525
                cbergen@rtglaw.com
                proeser@rtglaw.com
                dgraham@rtglaw.com