**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NOVEMBER ACQUISITIONS SPV LLC, DECEMBER ACQUISITIONS SPV LLC, BAD GREMLIN LLC, REMORA, LLC, | ) ) ) ) | |
| | ) | Case No. 1:25-cv-03148 |
| Plaintiffs, | ) ) ) | The Honorable Joan B. Gottschall |
| v. BARUCH GOTTESMAN d/b/a GOTTESMAN LEGAL SERVICES, | ) ) ) ) | The Honorable Albery Berry III, Magistrate Judge |
| Defendant. | ) ) ) | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiffs November Acquisitions SPV LLC, December Acquisitions SPV LLC, Remora LLC, and Bad Gremlin LLC (collectively, "Plaintiffs") respectfully move to compel Defendant Baruch Gottesman to produce documents requested nearly one year ago. This motion is necessary because Defendant has repeatedly promised—through counsel—that responsive documents would be produced, only to miss each deadline and produce nothing meaningful. This is not a good-faith dispute over scope, burden, or privilege. It is persistent non-responsiveness: Defendant continues to seek time and professional courtesies while failing to provide the documents his counsel has represented would be produced.

**BACKGROUND FACTS**

Nearly one year ago, on August 4, 2025, Defendant, in his Rule 26(a)(1) Initial Disclosures identified the following categories of documents that Defendant represented were relevant, in Defendant's possession and which Defendant represented he would produce:

The following categories of materials are in the possession of Defendant:

i.   Investment agreements, subscription documents, and related paperwork for November Acquisitions SPV LLC and December Acquisitions SPV LLC.

    ii.    Correspondence (including emails and letters) between Defendant and the persons representing Plaintiffs in connection with November Acquisitions SPV LLC and December Acquisitions SPV LLC.

    iii.    Documents related to the creation of Dylan Venture Funds, LLC.

    iv.    Proof of Funds Letter. The purported 'Wells Fargo Combined Statement of Account.'

  b. Documents filed and related to November and December, United States v. Sean Grusd, No. 23-CR-0193.

  c. Investigation continues as to any other relevant documents. Defendant will forward copies of any non-privileged documents which arise with further investigation.

  d. Defendant reserves the right to timely supplement this response in accordance with the Federal Rules of Civil Procedure.

* * *

4. For inspection and copying as under Rule 34, any insurance agreement under which may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

  a. Pursuant to Rule 34, Defendant affirms it has no insurance related to the claims of the Complaint.

Ex. 1 (Rule 26(a)(1) Disclosure).

In addition, on August 18, 2025, Plaintiffs served on Defendant their first set of Combined Interrogatories and Requests for Production. *See* Ex. 2

**Communications with Prior Counsel**

After Plaintiffs served discovery, Defendant repeatedly promised production, obtained extensions, and avoided motion practice. *See, e.g.* Ex. 3A (Sept. 15, 2025 emails extending deadline to October 17, 2025); Ex. 3B (Oct. 16, 2025 email seeking "an additional two weeks" to complete discovery); Ex. 3B (Nov. 4, 2025 email citing "extenuating circumstances" and seeking more time.

On November 6, 2025, Defendant's counsel submitted a proposed status report, Ex. 3C, stating:

2

> Defendant asserts that he expects to produce written responses to Plaintiffs' discovery requests by Friday, November 14, 2025, along with an initial production of documents. Defendant's initial production will possibly be followed by a supplemental production. Defendant anticipates needing an additional week (November 21, 2025) to assess whether a supplemental production will occur."

Defendant then sought another extension, representing that by November 25, 2025, he would "provide written responses" and "produce all responsive documents." Ex. 3D. The Court entered that agreed deadline. Ex. 3E.

Defendant missed that Court-ordered deadline too. He sought more time over Thanksgiving, which Plaintiffs accommodated. Ex. 3H. On December 5, Defendant produced about 1,000 pages previously given to the SEC in a separate investigation; those documents were largely nonresponsive here.

Defendant next promised production after the 2025 winter holidays. Nothing followed. When Plaintiffs set a January 23, 2026 motion for compliance, Defendant's counsel withdrew representation thirty minutes before it expired.

**Communications with Current Counsel**

After a 45-day stay, substitute counsel appeared on March 16, 2026 and, like prior counsel, represented that Defendant would complete production and provide any necessary privilege log. Plaintiffs again granted time as a professional courtesy. But the problem persisted: on April 6, counsel reported that he was "still trying to get the full client file," Ex. 4A; two weeks later, he still did not have it. Ex. 4B.

By June 22, Defendant still had not produced any new materials. Plaintiffs followed up in writing:

> We had discussed you providing a proposed schedule by the end of the week based on when you thought we would have your documents. Has your client committed to a time frame to get us his

documents? Please let us know when we can expect to get the documents and also send us your proposed schedule.

Ex. 4C. Counsel responded that he still had not been able to discuss production with his client but was "working on it." *Id*.

That remains the status quo. Last week, counsel was still only "hopeful" to have "something concrete," while warning that his representation may take "a much different direction." Ex. 4D.

The pattern is now unmistakable. Defendant has received extensions, excuses have changed, and counsel has continued to press him, but the documents have not been produced. Defendant will not comply voluntarily. A clear Court order is necessary.

Meanwhile, Defendant continues to seek "discovery" while withholding the documents he already agreed to produce.

## ARGUMENT

A motion to compel should not be necessary where, as here, a responding party has repeatedly acknowledged his obligation to produce documents and promised that production is forthcoming. But Defendant's promises have not produced documents. They have produced only more delay. After months of missed deadlines, extensions, and assurances that meaningful production was imminent, Defendant's continued noncompliance demonstrates that voluntary compliance is no longer a realistic expectation.

Plaintiffs have done exactly what the discovery rules and this Court expect: they conferred, granted extensions, accommodated prior counsel, accommodated successor counsel, and attempted to avoid motion practice. Defendant, by contrast, has used those courtesies to postpone production without ever completing it. Counsel have repeatedly represented that documents would

be produced, yet the documents remain unproduced. The record thus shows a failure of compliance, not a failure of cooperation by Plaintiffs.

At this point, only a clear order with a firm deadline and meaningful consequences is likely to end the delay. Plaintiffs therefore request an order requiring Defendant, within seven days, to produce *all* documents responsive to Plaintiffs' requests for production and, to the extent any documents are withheld on the basis of privilege or other protection, to serve a privilege log that identifies each withheld document and the basis for the asserted protection.

The undersigned represents (as reflected in the correspondence, above) that counsel for Plaintiffs has in good faith conferred with both prior and current counsel for Defendant in an effort to obtain responses to discovery requests, including the production of documents, without court action, but those efforts have been unsuccessful.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that the Court enter an order:

Compelling Defendant to produce all remaining documents responsive to Plaintiffs' requests for production within seven (7) days;

1. Requiring Defendant to produce, within the same seven-day period, a privilege log identifying all documents withheld on the basis of any claim of privilege or other protection from discovery;

2. Awarding Plaintiffs their reasonable expenses and attorneys' fees incurred in bringing this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure;

3. Providing that, should Defendant fail to comply with the Court's order, Defendant may be sanctioned, including by being precluded from relying upon documents or evidence not produced in discovery and/or by striking all of Defendant's affirmative defenses; and

4. Granting such other and further relief as the Court deems just and proper.

Dated: July 14, 2026

Respectfully submitted,

NOVEMBER ACQUISITIONS SPV LLC,
DECEMBER ACQUISITIONS SPV LLC,
BAD GREMLIN LLC, AND
REMORA LLC

By: /s/ *Charles S. Bergen*

Attorney for Plaintiffs

Charles S. Bergen
Peter S. Roeser
Darrell J. Graham
LEVENFELD PEARLSTEIN, LLC
120 S Riverside Plaza, Suite 1800
Chicago, IL 60606
Phone: (312) 346.8380
cbergen@lplegal.com
proeser@lplegal.com
dgraham@lplegal.com

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2026, a copy of the foregoing was filed with the Court using the Clerk of the Court's CM/ECF system, which by its operation will send notice of this filing to all counsel of record.

*/s/ Darrell J. Graham*
*Counsel for Plaintiffs*

7