**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**


November Acquisitions SPV LLC, et al.

Plaintiff,

v.                                                                        Case No.: 1:25–cv–03148

Honorable Joan B. Gottschall

Baruch Gottesman

Defendant.


**NOTIFICATION OF DOCKET ENTRY**


This docket entry was made by the Clerk on Friday, August 7, 2026:


MINUTE entry before the Honorable Albert Berry III: Plaintiffs' Motion to Compel [60] is denied without prejudice with leave to re–file. There are several issues that require the Court to deny the motion. First, Judge Berry III's Case Procedures on Discovery Motions state: "The Court believes face to face communications regarding discovery disputes are the most effective way to resolve them and requires counsel for parties to meet in person unless it is impracticable to do so. Videoconferencing satisfies this requirement. The Rule 37.2 Certificate must state that this requirement has been met or why it cannot be met with particularity. The mere exchange of correspondence (through emails, text messages, instant messaging, etc.) will not be sufficient to comply with Local Rule 37.2. Parties who fail to indicate that they have met in person to attempt to resolve their dispute risk having their motion stricken." There is no indication that the parties have engaged in the requisite face–to–face meet and confer, nor is there a Rule 37.2 Certificate. Second, the Case Procedures also state: "Any motions to compel must identify and attach the specific discovery requests at issue, as well as the opposing party&#039;s response (i.e., motions must not simply identify specific 'categories' of documents or discovery that the movant seeks). Motions to compel must also include arguments supporting the relevance and proportionality of the requested discovery. Motions to compel may be summarily stricken for a failure to comply with these rules." Plaintiffs' motion does not specify which discovery requests it seeks to enforce. Instead, it seeks "all remaining documents responsive to Plaintiffs' requests for production." (Dkt. 60 at 7). However, Defendant has objected to many of the requests for production and also points to his previous production of documents as being sufficient. (Dkt. 61 at 20–34). The Court is not certain which of these objections Plaintiffs are challenging or what categories of documents they believe remain outstanding. To the extent that they are seeking the categories of documents promised in Defendant's Rule 26(a)(1) disclosures, (see Dkt. 60 at 1–2; Dkt. 61 at 6–7), Plaintiffs have made no attempt to tie those categories to specific document requests. This is another way that motion fails to comply with Judge Berry's Case Procedures. Finally, in the brief in response, Defendant writes that he "does not object to a deadline of August 13, 2026, to produce any additional documents that he has indicated he would produce either in his Rule 26(a)(1) Initial Disclosures or his Responses and responses to Plaintiffs' requests for production." (*see* Dkt. 65 at 5). In other words, Defendant has agreed to produce all relevant documents on 8/13/26, and the Court so

orders. If this production does not occur or is somehow deficient in Plaintiffs&#0;39; view, Plaintiffs may refile their motion in a manner that complies with the Court's Case Procedures following an adequate meet and confer effort. The 8/18/26 in−person motion hearing at 10:15 a.m. is converted to a video status hearing at the same time. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Call (855)−244−8681, access code 2316 863 7794#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (yt)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.